ALBANY,
Jan. 1837.

The First Baptist Society *vs.* Rapalee.

The First Baptist Society
v.
Rapalee.

A *certificate of incorporation* of a religious society cannot be acknowledged before a *commissioner of deeds.*

A promise in writing to pay a certain sum to the trustees of a certain church, does not estop the party making the promise from requiring proof of the incorporation of the church, in an action brought in the name of the church assuming to be a corporation.

This was an action of *assumpsit,* tried at the Yates circuit in November, 1835, before the Hon. Daniel Moseley, one of the circuit judges.

The suit was brought for the recovery of $75 subscribed by the defendant towards the building of a church. The subscription paper bears date 1st July, 1833, and the promise to pay contained in it is to " *The Trustees of the First Baptist Church.*" The plaintiffs brought their suit styling themselves " *The First Baptist Society,*" declaring upon the subscription paper, and alleging the promise of the defendant to have been made to them, the plaintiffs, by the name and description of " The Trustees of the First Baptist Church." The defendant pleaded the general issue and *nul tiel corporation.* The plaintiffs replied that they were duly incorporated, &c. On the trial, the plaintiffs produced a *certificate of incorporation,* bearing date 6th *April,* 1833, stating among other things that the name or title by which the trustees of the church should be known was " The First Baptist Society." This certificate was acknowledged by the persons presiding at the meeting, before a commissioner of deeds, 15th *August,* 1833, and recorded in the clerk's office of the county, on the 19th *November* of the same year. The defendant objected to the certificate being read in evidence, on the ground that a *commissoner of deeds* was not authorized by law to take the acknowledgment of such a paper. The objection was overruled and the paper received. The plaintiffs then proved the defendant's signature to the subscription paper. The defendant moved for a nonsuit on the ground of variance between the declaration and the proof: the declaration alleging a promise to *The First Baptist So-*

*ciety,* and the subscription paper showing a promise to *The Trustees of the First Baptist Church.* The judge denied the motion, and permitted the plaintiffs to prove that the *promise* was in fact made *to them,* though by the name of " The Trustees of the First Baptist Church." The jury found for the plaintiffs. The defendant moves for a new trial.

*E. Van Buren,* for the defendant.

*J. Taylor,* for the plaintiff.

*By the Court,* COWEN, J. Several objections were raised in the course of the trial, but it is unnecessary to notice them, for the first objection is fatal. The statute, 3 R. S. 292, § 1, is, that the certificate shall be acknowledged before the *chancellor,* or *one of the judges of the supreme court,* or *one of the judges of the court of common pleas of the county where the church is situate.* The 3d section is, that the certificate being proved or *acknowledged* as *above directed,* shall be recorded, &c. and such trustees and their successors shall *thereupon,* by virtue of this act, be a body corporate, &c. It is scarcely necessary to observe, that the proof or acknowledgment before the proper officer is an essential prerequisite *to* the proceedings taking effect as an act of incorporation ; and there is no pretence that this has been complied with. We are referred to the statute of March 24th, 1818, Sess. Laws of that year, p. 44, which authorizes the commissioners created by that act to take the acknowledgment of *deeds ;* and we are reminded that this court have said, in *The People* v. *Peck,* 11 Wendell, 611, that they must give the statute a reasonable and liberal construction in favor of churches. But giving a *reasonable* construction to the language of the court, they never meant to say they would legislate in favor of churches. If the word *deed,* in the act of 1818, does not mean a *certificate* of church incorporation, it is impossible for us to allow this acknowledgment. We might as well extend the statute to a writ or warrant under seal. The paper is no less a church certificate, and no more a deed, because it happens to have a seal.

Nor was the defendant estopped to deny that the plaintiffs were a corporation. The defendant, apparently some months before the certificate was recorded, and even before the defective acknowledgment, signs this subscription, promising to pay, not the plaintiffs, "The First Baptist Society," but the "Trustees of the First Baptist Church;" and these, it is stated in the case, were proved at the trial to mean the plaintiffs. It is somewhat difficult to see how that could be, unless we put this society in a corporate attitude, entirely independent of any statute, general or special. Corporations, in this state, are the creatures of statute, and have always been so since the revolution. Perhaps the defendant *subscribed* after the certificate was recorded. In any view, however, it is enough to refer to the *Welland Canal Co.* v. *Hathaway*, 8 Wendell, 480, and especially the reasoning of the present chief justice at p. 483, 4, to see that this contract was any thing but an estoppel.

A new trial must be granted, the costs to abide the event.