Burt v. Farrar.

---

BURT, receiver of the Lake Ontario, Auburn and New York Rail Road Company, *vs.* HIRAM S. FARRAR.

A rail road corporation formed under the general rail road act, is not formed, and does not become a legal body, until all the requirements of the statute have been complied with, and the articles filed in the office of the secretary of state.

Until this has been done, the subscription of any person to the articles is a mere proposition to take the number of shares specified, of the capital stock of the corporation thereafter to be formed, and not a binding promise to take and pay.

As an obligation, it is inchoate, and can never become of any force or effect unless the articles are filed and the corporation created.

While the articles remain in the hands of a subscriber, before being filed, he may erase his subscription, entirely, or modify it as he sees fit.

MOTION for a new trial, on a bill of exceptions. The action was brought to recover the balance remaining unpaid on a subscription by the defendant, for twenty shares of the capital stock of the Lake Ontario, Auburn and New York Rail Road Company. The subscription was to the original articles of association. The defendant, and seven other individuals, agreed between themselves to subscribe the articles of association for twenty shares, each, and all made such subscription. The shares were $50 each. After the articles were thus subscribed, they were put into the defendant's hands to enable him to obtain other subscribers. While the articles were in his hands, he solicited and obtained subscriptions from some 60 or 70 other individuals, and before delivering them up to be filed, altered his own subscription from twenty shares to two shares. The alteration was not discovered until after the articles of association were filed. The defendant paid to the treasurer $100, which was ten per cent on the original subscription, and the full amount of two shares. After the alteration, and the payment of the $100 the articles were filed, according to law, and the corporation duly created.

The justice at the circuit, after the plaintiff's counsel had stated the foregoing facts, in his opening, nonsuited the plaintiff, who excepted to the decision and moved for a new trial on a bill of exceptions.

*Geo. Rathbun,* for the plaintiff.

*W. T. Worden,* for the defendant.

*By the Court,* JOHNSON, J. The object of signing the articles by all the associates, doubtless, was to effect the formation of a rail road corporation. But the corporation was not formed, and did not become a legal body until all the requirements of

.the statute had been complied with, and the articles filed in the office of the secretary of state.

Until all this was done, the subscription of any subscriber to the articles was, I think, a mere proposition to take the number of shares indicated by the subscription, of the capital stock of the corporation thereafter to be formed, and not a binding promise to take and pay. As an obligation, it was inchoate, and could never become of any force or effect unless the articles were filed and the corporation created.

While the articles remained in the hands of the subscribers, or either of them, I see no reason why the defendant might not erase it altogether, or modify it as he saw fit. He may have acted in bad faith with his associates, but that is not the question here. A party may always withdraw or modify a proposition to enter into any obligation or relation, before it has been accepted by the other party. When the corporation was created the defendant's subscription took effect and became binding, and not before. And the defendant then became the owner of the shares he had agreed to take. This was determined by the articles as they stood at the time of filing. It is clear, I think, that the defendant, when the corporation came into being, could only have claimed two shares of the capital stock, and I do not see how the board of directors could have awarded him any greater number, without a new subscription. This being so, it must follow that the action cannot be maintained to recover the amount of the eighteen shares.

The obligations between the corporation and the subscribers to the stock are mutual, and the corporation cannot collect for shares which the defendant had no right to claim, and which it had no power to award and deliver to him.

The nonsuit was therefore right, and a new trial must be denied.

[CAYUGA GENERAL TERM, June 1, 1857. *Johnson, T. R. Strong* and *Smith,* Justices.]