Their reasons were not put *Page 77 
in writing. Those of the court below were delivered by MASTEN, J., as follows:
The defendant contends that the plaintiff's organization is defective, because the affidavit annexed to the articles of association does not contain the allegation required by the statute, "that it is intended in good faith to construct or to maintain and operate the road mentioned in the articles of association," and that it is not therefore a corporation. The articles of association are in due form, and the affidavit annexed to them, while it does not come up to the requirement of the statute in the particular specified, is colorable. The articles and affidavit were filed and recorded in the office of the secretary of state; the capital stock was subscribed and partly paid in; the route of the road was surveyed and located; the right of way obtained; a contract for the construction of the whole road entered into and liabilities incurred which have not been satisfied. This was sufficient to constitute the plaintiff a corporation de facto, so that neither it nor its stockholders can object that it is not strictly a corporation de jure.
I am of the opinion that, under this and similar general acts for the formation of corporations, if the papers filed, by which the corporation is sought to be created, are colorable, but so defective that, in a proceeding on the part of the State against it, it would for that reason be dissolved, yet by acts of user under such an organization it becomes a corporation de facto,
and no advantage can be taken of such defect in its constitution, collaterally, by any person.
Any other rule, it seems to me, must be fraught with serious consequences and great public mischief. Most of the persons who subscribe in good faith for the stock, do not examine to see whether all the requirements of the statute in the organization of the corporation have been complied with; and if they did examine would not probably discover a defect like the one now pointed out. The stock is sold in market from hand to hand without any such examination. The corporation may carry on its business for years, and its stock have entirely changed hands, when its property may be destroyed *Page 78 
by a trespasser, and in an action against him in the name of the corporation his only defence, "you are not legally a corporation by reason of a defect in your constitution," would (upon the doctrine contended for by the defendant) be successful. The doctrine of estoppel could not be applied in that case, as it has been in some cases, to counteract an erroneous decision upon the question now before me.
I am aware that there are decisions in the Supreme Court, beginning with The First Baptist Society v. Rapalee (16 Wend., 605), upon the point now presented to us, in conflict with the opinion I have here expressed. Their error is, in not recognizing the distinction between what is sufficient to constitute a corporation de facto and what is necessary to constitute one de jure, and how and by whom a corporation defacto may be shown not to be a corporation de jure. The State alone can take advantage of a defect in the constitution of a corporation like the one in this case. In its action it will be governed by public policy and considerations. And it has declared that it will not take advantage of the defect in the plaintiff's constitution. I think the Court of Appeals has settled the principle as I have stated it. (Eaton v. Aspinwall,19 N.Y., 119.)