By the Court, E. Darwin Smith, J.
The plaintiff is the receiver of an insolvent corporation by the name of “The Buffalo Fruit Preserving Company,” organized under the act of 1848, authorizing the formation of corporations for manufacturing, mining, mechanical and chemical purposes. Such corporation was organized by filing in the Secretary of State’s office and in the clerk’s office of the county of Erie, the certificate required by said act, signed by the requisite number of persons to comply with the terms of said act. The second section of said act declares that “when said certificate shall have been filed, the persons who shall have signed and acknowledged the same, and their successors, shall be a body politic and corporate in fact and in name.”
It appears that the corporation so formed, used and exercised the franchises created, conferred or claimed by said act, for some time afterwards; made calls upon the stockholders for payments on their stock, erected a building, and did other acts in exercise of the corporate rights so claimed. I do not see why the corporation so created was not a valid corporation, therefore, de jure and defacto, as between the stockholders and all third persons, until the State should intervene and question, in due form, its lawful existence. If the defendant was a stockholder of such corporation, I think he could not question its lawful existence, and would be bound to pay for his subscription to its stock, if any had been made, within the case of The Buffalo and Allegany Railroad Company v. Cary, (26 N. Y. 75.)
The question in the case is therefore narrowed to the simple inquiry, was the defendant a stockholder in said corporation, or a subscriber to its stock?
It is not pretended that he was one of the original cor *632 porators, or that after the incorporation of said, company he ever subscribed for any number. <3f shares of its capital stock. He is sought to be held solely upon a preliminary agreement, signed by him before such corporation was organized, in and by which subscription paper signed by him, he agreed to unite in the formation of a joint stock or incorporate company for the purpose of purchasing the exclusive right to make, use and vend, Nyces patent for preserving fruits, and other purposes specified. It is quite clear, I think, that the signature of the defendant to this preliminary agreement did not make him a stockholder in said corporation, or bind him to take and pay for stock therein. Nothing in the act of 1848, authorizing the formation of such corporations, gives any effect to a preliminary agreement to become a stockholder in a proposed corporation, and the agreement itself cannot have such legal effect.
[Fourth Department, General Term, at Rochester,
April 1, 1873.
Mullin, Talcott and E. D. Smith, Justices.]
This is held distinctly in respect to a preliminary subscription under the plank-road act of 1847, to the stock of a proposed company, or an agreement to take stock in such company, in the case of The Poughkeepsie & Salt Point Plank-Road Company v. Griffin, (24 N. Y. 150.) And the point was so held, also, in Burt v. Farrar, (24 Barb. 518;) and in The Troy & Boston Railroad Company v. Tibbsts, (18 id. 297;) and the same v. Warren, (Id. 310.)
These cases, seem to me, conclusive on the point that the defendant never was a stockholder in such corporation, and was not liable on his subscription as such, to take such stock or pay for the same.
The judgment should, therefore, be affirmed.