THE CAYUGA LAKE RAILROAD COMPANY, Respondent, *v.* GEORGE A. KYLE, Appellant.

Defendant subscribed to plaintiff's articles of association, which were duly acknowledged and filed. The company was organized under them, elected officers, constructed and put in operation its road and the company was recognized by the legislature. (Chap. 314, Laws of 1869.) Defendant paid in ten per cent of the stock subscribed for by him; calls were made for the balance which he declined to pay. In an action to recover the amount unpaid, *held*, it was no defence that said articles were defective in not definitely stating the termini of the road or the counties through which it passed, as, notwithstanding the defect, the shares of stock to which his subscription entitled him were shares in a corporation *de facto*.

(Submitted January 17, 1876; decided February 8, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered on a decision of the court at Special Term.

The nature of the action and the facts are set forth sufficiently in the opinion.

SICKELS—VOL. XIX.     24

*W. E. Hughitt* for the appellant. No recovery can be had because the preliminary articles filed were not in compliance with the statute. (32 Ind., 169, 194; 43 id., 265; *People* v. *Van Valkenburgh*, 63 Barb., 105–109; 58 N. Y., 400; 20 id., 159; 24 Barb., 395; 32 id., 625; 16 Wend., 605; 1 Sandf. Ch., 179; 1 Cai. Cas., 94; 31 Barb., 258; 25 N. Y., 208; *Grand Trunk* v. *Cook*, 29 Ill., 237; *Ind. R. R. Co.* v. *Chance*, 32 Ind., 472; 57 N. Y., 473.) Defendant is not estopped from raising this objection. (Herman on Estoppel, 532, § 571; 62 Barb., 497; 1 Cai. Cas., 94; 16 Wend., 605; 1 Sandf. Ch., 179; 42 N. Y., 443; 43 id., 283; 57 id., 473; 58 id., 397; 32 Barb., 616.)

*Jas. R. Cox* for the respondent. Defendant being an original subscriber to plaintiff's stock could not question the regularity of its incorporation. (*Dutchess Mfg. Co.* v. *Davis*, 14 J. R., 238; *Palmer* v. *Lawrence*, 3 Sandf., 176; *Plk. R. Co.* v. *Rust*, 5 How. Pr., 390; *Nav. Co.* v. *Weed*, 17 Barb., 378; *F. Ins. Co.* v. *Horner*, 17 Ohio, 407; *White* v. *Coventry*, 29 Barb., 305; 15 Abb., 66; *Eaton* v. *Aspinwall*, 19 N. Y., 119; *Buff. R. R. Co.* v. *Carey*, 26 id., 75; *Mead* v. *Keeler*, 24 Barb., 20; *Erie* v. *Owen*, 32 id., 316; *Hyatt* v. *Whipple*, 37 id., 595, 601; *White* v. *Syracuse*, 14 id., 559; *Lake O. R. R. Co.* v. *Mason*, 16 N. Y., 451; *Buffalo* v. *Dudley*, 14 id., 336; *Eaton* v. *Aspinwall*, 19 id., 121; *Ogdensburgh* v. *Frost*, 21 Barb., 541.) Chapter 314, Laws of 1869, remedied all defects in the articles filed. (14 N. Y., 336; 15 Abb., 66; 29 Barb., 305; *Black River R. R. Co.* v. *Barnard*, 31 id., 258.)

RAPALLO, J. This action is brought to recover from the defendant a balance remaining unpaid upon a subscription made by him in June, 1867, for ten shares, of $100 each, of the capital stock of the plaintiff.

The defendant signed the original articles of association, in which the then proposed railroad was described as intended to be constructed from " the New York Central Railroad to

Ithaca, the length of said railroad to be thirty-seven miles." The articles were duly acknowledged and filed, the company was, in fact, organized under them, officers elected, and the railroad constructed and put in operation, and calls made upon the subscribers for payment of their subscriptions; and the corporate existence of the company was recognized by the legislature by an act passed April 24, 1869. (Laws of 1869, chap. 314.)

The defence set up by the defendant is, that the articles of association were defective in not distinctly stating the termini of the road, nor the counties through which it passed.

The defendant's subscription entitled him to the shares for which he had subscribed; and by the acts of his associates in going on and locating and constructing the road, and putting it in operation, and by the legislative recognition of its corporate existence, by the act of April 24, 1869, these shares became shares in a corporation *de facto*, notwithstanding the defect in the original articles. Through his act, and that of his associates, in entering into the articles of association, this corporation was formed, and has assumed to exercise the franchises and functions of a regularly constituted railroad company under the act of 1850 (chap. 140), and it has received legislative recognition as such. It appears to have obtained sufficient credit to build its road and set it in operation. The defendant has received all that he contracted for, and no good reason is shown why he should be relieved from the obligation of paying for his shares. The case of *The Buffalo and Allegany Railroad Company* (26 N. Y., 75) is, we think, decisive of all the questions raised by the appellant.

The judgment should be affirmed.

All concur.

Judgment affirmed.