| 48 | 599 |
|----|-----|
| 52 | 405 |
| 48 | 599 |
| 49e | 332 |
| 48 | 599 |
| 52e | 122 |
| 48 | 599 |
| 67 | 192 |
| 48 | 599 |
| 64e | 577 |
| 48 | 599 |
| 69 | 73 |

WILLIAM M. STOUT ET AL., SURVIVING PARTNERS, &c., PLAINTIFFS IN ERROR, v. CONRAD MEYER ZULICK, ET AL., DEFENDANTS IN ERROR.

1. In the absence of a statutory provision making shareholders liable in case of failure to comply with the requirements of a charter, or with the requirements of the act under which a company is incorporated, persons who have contracted with a *de facto* corporation as a corpora-tion, cannot deny its existence in order to charge its stockholders in-dividually as partners.

2. The corporate existence of a corporation *de facto* cannot be inquired into collaterally; as to all who contract with it, it is to be assumed to be a corporation *de jure.* The legality of its corporate existence may be inquired into by the state, but not by any one else, and this is as true where the corporation is formed under a general law as it is where formed under a special charter.

Error to Essex Circuit Court.

For the plaintiffs in error, *G. Collins.*

For the defendants in error, *H. M. Barrett* and *R. L. Lawrence.*

The opinion of the court was delivered by

THE CHANCELLOR.   The plaintiffs in error, who were plaintiffs below, seek to recover from the defendants the amount of a bill of goods sold by them to the New Jersey and Sonora Reduction Company.   The goods were sold in New York to the company, September 16th, 1884, upon the order of its purchasing agent, and were charged to the com-- pany upon the plaintiffs' books of account, and the plaintiffs accepted the note of the company at two months, signed by the treasurer for the price, and the goods were shipped to the company at Sonora, in Mexico.   The note has not been paid. The plaintiffs brought suit for the price of the goods against the defendants, who were the persons who signed, as stock- holders, a certificate of incorporation, dated August 4th, 1883, the object of which was to incorporate the company under the provisions of the act " concerning corporations."   The ground upon which the plaintiffs base their claim of liability on the part of the defendants is that the proceedings for incorpora- tion were not in compliance with the provisions of the act applicable to the subject.   The act provides for the incorpora- tion of any company of three or more persons associating themselves together for any lawful business or purpose.   The steps to be taken are the making, recording and filing of a cer- tificate which is to be proved or acknowledged and recorded as required in case of deeds of real estate.   In this case the certificate of acknowledgment of one of the defendants, Willard Richards, does not state that the contents of the certificate of incorporation were made known to him by the officer taking the acknowledgment, (a notary public of Saratoga county, in the State of New York,) and the accompanying certificate of authentication of the notarial act by the clerk of the courts of that county does not state that the notary was authorized by the laws of New York to take the acknowledgments and proofs of deeds or conveyances for lands, tenements or heredit-

aments in that state, which statement is required by the supplement to the act respecting conveyances, (*Rev., p.* 1280,) in case of deeds for land, the acknowledgment or proof of which is taken in another state or territory before an officer so authorized. By reason and solely on account of those alleged defects, the plaintiffs insist th t the certificate of incorporation is a nullity, and that the d fendants are consequently liable as partners for the price of ' e goods.

It will have been see hat the goods were not sold to the defendants, but to the company to which the credit was given, and to which they were charged upon the plaintiffs' books, and for the price of which the plaintiffs accepted a note of the company, signed by the treasurer. The contract was not with the defendants, but with the company, and the defendants were guilty of no fraud. None is imputed, but, as before mentioned, the claim of liability is based entirely upon the proposition that the proceedings intended to effect the incorporation are, because of the alleged defects before referred to, a nullity. In the absence of a statutory provision making shareholders liable in case of failure to comply with the requirements of the charter, or with the requirements of the act under which the company is incorporated, persons who have contracted with a *de facto* corporation, as a corporation, cannot deny its corporate existence in order to charge its shareholders individually as partners. *Taylor on Corp.,* § 739. See, also, *Fay* v. *Noble,* 7 *Cush.* 188. Where it is shown that there is a charter or a law under which a corporation with the powers assumed might lawfully be incorporated, and there is a colorable compliance with the requirements of the charter or law, and a user of the rights claimed under the charter or law, the existence of a corporation *de facto* is established. *Methodist Church* v. *Pickett,* 19 *N. Y.* 482 ; *Buffalo and Allegheny R. R. Co.* v. *Cary,* 26 *N. Y.* 75. And it is entirely settled that the corporate existence of such corporation *de facto* cannot be inquired into collaterally. It is, as to all who contract with it, to be assumed to be a corporation *de jure.* The legality of its corporate existence may be inquired into by the state, but not

by any one else.   And this is as true where the corporation is formed under a general law as it is where the corporate existence is claimed under a special charter.   *Cochran* v. *Arnold,* 58 *Penna. St.* 399 ; *Eaton* v. *Aspinwall,* 19 *N. Y.* 119.   Had this suit been brought against the company it could not have denied its corporate · existence, neither can the plaintiffs, who contracted with it as a corporation, do so.  *Taylor on Corp.,* § 146 ; *Swartwout* v. *Michigan Air Line R. R. Co.,* 24 *Mich.* 389 ; *Rafferty, Receiver,* v. *Bank of Jersey City,* 4 *Vroom* 368. Our act provides that upon making the certificate and causing it to be recorded and filed, the persons so associating, their successors and assigns, shall be, from the time of commencement of the corporate existence fixed in the certificate, and until the time limited therein for the termination thereof, incorporated into a company by the name mentioned in the certificate.   The time fixed for such termination in this case was August 4th, 1933.   The law authorized the formation of the corporation ; the proceedings purported to be in compliance with the requirements of the law ; the certificate was made, recorded and filed, and the company claimed the right to exercise the powers conferred upon corporations duly created under the law, and it exercised them accordingly.   The transaction under consideration furnishes an instance of such *user.* The company was a corporation *de facto,* and the plaintiffs, who contracted with it, cannot be permitted to deny the legality of its existence.   The state alone can call that in question.   Nor are the cases (*Hill* v. *Beach,* 1 *Beas.* 31, and *Booth* ads. *Wonderly,* 7 *Vroom* 250,) cited by the plaintiffs' counsel, in anywise opposed to the views above expressed.   In the former, persons who associated themselves together for the purpose of carrying on the quarrying business in this state, took proceedings to incorporate themselves into a company under a general corporation law of New York.   They were held liable as partners upon the ground that they were not a corporation, the Chancellor saying that they were not a domestic corporation and could not be sued as such, and that they were not a foreign corporation, for it was perfectly manifest

Stout v. Zulick.

upon the face of their proceedings that their attempted organization under the general law of New York was a fraud upon that law. In Booth *v.* Wonderly, persons who had got control of a special charter creating a corporation to be located in Trenton, but who were not named as corporators therein, attempted to use it to establish a company under it, to be located at Jersey City, and to give such company a corporate color under that charter. The court said that the company had some semblance of a corporation in name, form of organization, and assumption of a seal, yet not enough to give it a *de facto* corporate existence ; that the attempt to establish the company in Jersey City under the charter was a palpable and entire perversion of the object of the act, and a fraud upon the act ; that it gave no corporate color to the company ; that the doctrine that the organization cannot be inquired into collaterally had no application to that case, because the charter did not fit the company and was not intended for it, and that the organization was entirely outside of the act and had no existence as a corporation, real or *de facto.* It will have been seen that in each case the *ratio decidendi* was that the pretended incorporation was a fraud upon the act under which the defendants claimed corporate existence. The judgment of the Circuit Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR, WHITAKER. 14.

*For reversal*—None.