LEON COTTENTIN, DEFENDANT IN ERROR, v. ARTHUR L. MEYER AND THOMAS P. McKENNA, IMPLEADED, PLAINTIFFS IN ERROR.

Argued February 17, 1910—Decided June 13, 1910.

1. It is error to enter a judgment against one defendant separately and a judgment against him and another jointly in the same action.
2. A person who enters into a written contract which purports to be made with a corporation, is not thereby estopped in a case where there is no colorable organization of a *de facto* corporation, from showing that the corporate name was a name under which the individuals with whom he dealt were trading.
3. Where a witness testifies to the correctness of an account kept by himself, the book containing the account is admissible not as a shop book and as evidence in itself, but as the witness' record of his past recollection.

---

On error to the Monmouth Pleas.

Before Justices GARRISON, SWAYZE and PARKER.

For the defendant in error, *Thomas P. Fay*.

For the plaintiff in error, *Gilbert Collins*.

The opinion of the court was delivered by

SWAYZE, J. The plaintiff has entered a judgment against McKenna individually for one sum and against McKenna and Meyer jointly for another sum. This is in pursuance of separate verdicts which the charge of the court permitted the jury to find. There is no warrant for such a procedure. It is in contravention of the well settled rule which forbids the plaintiff to join in one action a joint claim against two or more defendants with a claim against one of them singly. *Willis* v. *Shinn*, 13 *Vroom* 138; *Gilmore* v. *Christ Hospital*, 39 *Id*. 47. A declaration joining claims in that way is demurrable and the mistake cannot be cured after demurrer by entering a *nolle prosequi* as to one count. *Drummond* v. *Dorant*, 4 *T. R.* 360; 1 *Chit. Pl.* 206. A judgment upon a verdict finding separate damages will be arrested. *Hancock* v. *Haywood*, 3 *T. R.* 433. In Massachusetts the plaintiff has been permitted to amend after verdict and prior to the entry of judgment. *Leonard* v. *Robbins*, 13 *Allen* 217. In the present case there are two objections which are fatal to such a procedure. The plaintiff has joined in error in the usual form and the issue before us thus presented is whether the record as it stands is erroneous or not. *Tidd Pr.* 1173, 1174. Beyond this technical objection is the meritorious one that by the form of action adopted and the procedure at the trial, the plaintiff has had the benefit of evidence which was admissible against McKenna, and not admissible against Meyer, although calculated to prejudice his case before the jury. It would be unfair to permit the plaintiff to profit thus by his erroneous procedure and escape the consequences of his error. No amendment can be permissible when the substantial rights of the other side may have been prejudiced.

Since the case must be retried, we have thought it advisable to consider the more important questions discussed in the argument. We think the evidence justified the submission to the jury of the question whether the Cottentin Hotel Company was organized as a corporation at the time the plaintiff made the contract upon which his suit was brought.

The evidence is quite persuasive that it was and this is supported by the facts that the plaintiff's own written agreement described it as a corporation and that he has seen fit to join the corporation as a joint contractor with the individual defendants; but on the other hand the alteration of the date of record of the certificate of organization, coupled with Cottentin's testimony that he knew the paper wasn't done, is some evidence to the contrary. If, in fact, the certificate was not signed until August, there was no *de facto* corporation in the preceding April and the case is not controlled by the rule of *Hackensack Water Co.* v. *De Kay,* 9 *Stew. Eq.* 548, 559; *Stout* v. *Zulick,* 19 *Vroom* 599, and *Vanneman* v. *Young,* 23 *Id.* 403. Nor does it come within the rule of *Den* v. *Van Houten,* 5 *Halst.* 270, and the numerous cases in other jurisdictions where a similar situation was presented. Those cases rest upon the doctrine of estoppel. In Den *v.* Van Houten the mortgagor, by giving a mortgage in form to a corporation, represented in effect to the assignee of the mortgage that the original mortgagee was in fact a corporation.

In *Close* v. *Glenwood Cemetery,* 107 *U. S.* 466, Close, by making deeds in the name of the corporation for cemetery plots, represented that there was an actual corporation capable of owning and conveying the lots. There are cases which go further and hold that one who deals as with a corporation and thereby obtains a benefit, cannot afterwards, when sued in the corporate name, deny the actual existence of the corporation. It is as Mr. Machen, in his recent book on *Corporations,* points out (section 282), difficult to see how the principle of estoppel is applicable to such a case, since it can hardly be supposed that those who act as a corporation without even a colorable organization, can be misled into a belief that they are actually incorporated by the representation of an outsider who is without their means of knowledge. Even those cases, however, fall short of the present. If, in fact, Meyer and McKenna were merely using the corporate name in which to make their own contracts, they were in no way misled by the act of Cottentin in entering into a written con-

tract which expressly described the Cottentin Hotel Company as a New Jersey corporation. On the contrary it was they who in that event misled Cottentin by purporting to contract as a corporation and they cannot escape liability if, in fact, Cottentin Hotel Company was merely their trade name. This, under the evidence, was a jury question.

Some of the rulings on evidence require notice. The plaintiff's book of expenditures was properly admitted. It was not strictly a shop book, amounting of itself to original evidence under the well-known rule. It was rather a memorandum kept by Cottentin, apparently with the knowledge of Meyer and McKenna, and was admissible when proved by Cottentin's testimony as to the correctness of the items; the original testimony is Cottentin's evidence upon the witness stand. The book, as Prof. Wigmore says, is merely the witness' record of his past recollection. *Greenl. Evid.* (*Wigm. ed.*), *p.* 212, § 120c. The same view is suggested by Mr. Justice Reed in *Rumsey* v. *New York and New Jersey Tel. Co.,* 20 *Vroom* 322, 326.

It was, however, improper to admit evidence that Meyer hired help after Cottentin had left. This did not tend to prove Meyer's liability during the pendency of the contract with the hotel company.

It was also erroneous to admit testimony that Meyer and McKenna settled suits brought for supplies furnished the hotel during Cottentin's management. The settlements may have been made merely to avoid litigation and to buy peace.

The judge excluded an offer by the defendant to prove that the Cottentin Hotel Company was the lessee of the hotel by the production of a lease signed by the landlord, accompanied by proof that there was a counterpart signed by the tenant. He distinctly said he gave no reason for sustaining the objection. We think of no valid reason. It was certainly competent to prove business transactions by the hotel company since they tended to prove that it was a *de facto* corporation at the time.

The judgment is reversed, and the record remitted to the Common Pleas for a new trial.