116 N.J. Super. 327 (1971)
282 A.2d 405
TRENTON DRESSED POULTRY, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
JAMSON, INC., A NEW JERSEY CORPORATION, T/A CHICKEN HOLIDAY, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 1971.
Decided October 12, 1971.
Before Judges SULLIVAN, LEONARD and CARTON.
*328 Mr. Ernest J. Gikas argued the cause for appellant (Messrs. Madnick, Milstein & Mason, attorneys).
Mr. Peter W. Kenny argued the cause for respondents (Messrs. Reussille, Cornwell, Mausner & Carotenuto, attorneys).
PER CURIAM.
We conclude that the trial court erroneously decided that defendant Jamson, Inc. was a de facto corporation from August 23, 1968 until December 31, 1968 when it secured legal status. The record does not support a finding that there ever had been any bona fide attempt to organize a corporation in the manner prescribed by statute (N.J.S.A. 14A:1-1 et seq.). Asplund v. Marjohn Corp., 66 N.J. Super. 255, 264 (App. Div. 1961), certif. den. 35 N.J. 61 (1961).
The individual defendants consulted with an attorney on or about the date first mentioned and agreed to pay him a fee for the purpose of incorporating them under the name of "Chicken Holiday." They also agreed to authorize 1000 shares and to issue 100 shares, 25 to each individual. However, the attorney ascertained that the above name was not available without consent of another user thereof. Following several unsuccessful attempts to secure that consent, Jamson, Inc. was incorporated on December 31, 1968.
At the time the individuals visited their attorney in August 1968 they did not execute a certificate of incorporation. As a fact, no such certificate was ever executed until December, then only as a step in the incorporation of Jamson, Inc. Authority exists for the proposition that in the absence of the execution of the necessary certificate, there could be no de facto corporation in the preceding months. Cottentin v. Meyer, 80 N.J.L. 52, 54 (Sup. Ct. 1910); see 8 Fletcher Cyclopedia Corporations, § 3811 at 90 (1966), and Conway v. Samet, 59 Misc.2d 666, 300 N.Y.S.2d 243, 246 (Sup. Ct. 1969).
*329 We need not decide whether departure from that general rule is warranted under any circumstances. Here there is a complete absence of proof of the exercise of corporate powers until after Jamson, Inc. was legally incorporated. Checks given to plaintiff during 1968 in payment of merchandise then purchased merely disclosed the name "Chicken Holiday" and were signed individually by defendants T. Jerome Madison and James N. Gettis. Thus, the totality of the proofs require a conclusion that defendant Jamson, Inc. had not prior to its legal incorporation engaged in that degree of corporate user to warrant recognition as a de facto corporation. Asplund v. Marjohn Corp., supra, 66 N.J. Super. at 266-267. See Kiamesha Development Corp. v. Guild Properties Inc., 4 N.Y.2d 378, 175 N.Y.S.2d 63, 151 N.E. 2d 214 (Ct. App. 1958).
Accordingly, the judgment entered against defendant Jamson, Inc., as well as the judgment of dismissal entered in favor of the individual defendant, are reversed and the matter is remanded for a new trial.
Since it appears that portions of plaintiff's merchandise were sold both before and after the incorporation of Jamson, Inc. (December 31, 1968), the judge on remand should determine the proportionate liability of the individual defendants and the corporate defendant. Individual defendants contend that plaintiff is estopped from asserting their personal liability. However, this contention lacks merit in view of our determination that no de facto corporation existed. Cottentin v. Meyer, supra, 80 N.J.L. at 54-55; Stout v. Zulick, 48 N.J.L. 599, 602-603 (E. & A. 1886).
Reversed and remanded in accordance herewith. Jurisdiction is not retained.