JAMES H. VANNEMAN v. WILLIAM H. YOUNG ET AL.

1. Where the law authorizes a corporation, and an effort is made in good faith to organize a corporation under the law, and thereupon, as a result of such effort, corporate functions are assumed and exercised, the organization becomes a corporation *de facto*, and private persons who deal with it as a corporation cannot be permitted to say, with regard to those dealings, that it was not a corporation *de jure*, because some legal formality, not important for their substantial rights, had not been complied with.

2. Under our act concerning corporations, the recording and filing of the certificate of incorporation are not made conditions precedent to the legal existence of the corporation; they are merely the necessary evidence of such existence, and, when produced, prove the legal existence of the corporation "from the time of commencement fixed in said certificate."

On error to the Supreme Court.

For the plaintiff in error, *J. J. Crandall.*

For the defendants in error, *Grey & Grey.*

The opinion of the court was delivered by

DIXON, J.    On November 9th, 1886, a certificate for the incorporation of the Clayton Bottle Works, under our act concerning corporations (*Rev., p. 175*), was recorded in the clerk's office of the county of Gloucester, pursuant to section 11 of said act, but was not filed with the secretary of state until August 17th, 1887. Section 13 of the act provides, that

"upon making said certificate and causing the same to be recorded and filed as aforesaid, the said persons so associating, their successors and assigns, shall be, from the time of commencement fixed in said certificate and until the time limited therein for the termination thereof, incorporated into a company, by the name mentioned in said certificate."

Between November 9th, 1886, and August 17th, 1887, the plaintiff sold to the Clayton Bottle Works, as a corporation, certain materials which were used in its business, and after the last date, viz., on September 23d, 1887, accepted the note of the corporation for the price.

Subsequently the plaintiff brought suit for the price against those persons who had associated themselves for the formation of the company, insisting that, as the certificate had not been filed with the secretary of state at the time of the purchase, the incorporation had not taken place, and, therefore, the associates were liable as partners.

At the trial the plaintiff was non-suited, and the rendering of such judgment is now assigned for error.

The statute above mentioned authorized the incorporation of the associates. The *bona fides* of their attempt to incorporate themselves in accordance with its provisions is unquestioned, and the contract of the plaintiff was entered into upon the assumption that he was dealing with a corporation *de jure.* The failure of the associates to observe exactly the directions of the statute, did not in the least impair the rights which the plaintiff intended to secure by his contract. Under these circumstances, the plaintiff cannot bring into question the legality of the incorporation.

"Where the law authorizes a corporation, and there is an effort in good faith to organize a corporation under the law, and thereupon, as a result of such effort, corporate functions are assumed and exercised, the organization becomes a corporation *de facto*, and, as a general rule, the legal existence of such a corporation cannot be inquired into collaterally, although some of the legal formalities may not have been complied with. Ordinarily, such an inquiry can only be made in a direct pro-

·ceeding brought in the name of the state. * * * No private person having dealings with a *de facto* corporation can be permitted to say that it is not, also, a corporation *de jure*." *Hasselman* v. *United States Mortgage Co.*, 97 *Ind.* 365; *North* v. *State*, 107 *Id.* 356, 5 *West. Rep.* 535; *Stout* v. *Zulick*, 19 *Vroom* 599.

But, in the second place, the recording and filing of the certificate are not made by the statute a condition precedent to the legal existence of the corporation; they are merely necessary evidence of such existence. That evidence being produced, the legal existence of the corporation, "from the time of commencement fixed in said certificate," is proved.

In the present case, the time so fixed was anterior to the ·contract with the plaintiff, and hence it appeared at the trial that the plaintiff had sold his goods to a corporation *de jure*, and not to the defendants.

There is no error in the record, and the judgment should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, MAGIE, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, SMITH, WHITAKER. 12.

*For reversal*—None.