THE STATE, MASON W. TYLER ET AL., PROSECUTORS, v. THE CITY OF PLAINFIELD AND JOSEPH M. LOW.

The consent of the corporate authorities of a municipality which is necessary to the incorporation of a company under the provisions of the "Act for the construction, maintenance and operation of water works for the purpose of supplying cities, towns and villages of this state with water," approved April 21st, 1876, must be a consent to the formation of the company proposed by certain persons named.

------

On *certiorari*.

Argued at February Term, 1892, before Justices MAGIE and WERTS.

For the prosecutors, *Richard V. Lindabury.*

For the defendants, *John R. Emery.*

The opinion of the court was delivered by

MAGIE, J.    The contest in this case is over the validity of an ordinance and a resolution of the common council of the city of Plainfield, both adopted August 21st, 1891.

By the first section of the ordinance the consent of the corporate authorities of the city is given to the formation of an incorporated company for the purpose of constructing, maintaining and operating water works to supply the city with water.

The "Act for the construction, maintenance and operation of water works for the purpose of supplying cities, towns and villages of this state with water," approved April 21st, 1876 (*Rev. Sup., p.* 650), gives power to any persons, not less than seven, of whom a majority reside in the state, to form a company in any of certain municipalities for the purpose of constructing, maintaining and operating water works to supply such municipality and its inhabitants with water. It requires the persons who desire to form such a company in a municipality to make and acknowledge a certificate, in writing, stating the corporate name adopted, the amount of capital stock, the term of its existence, the number of directors and the names of those who are to manage its affairs for the first year, and the name of the municipality in which the business is to be carried on. It prescribes that the certificate shall be filed with the secretary of state, " together with the consent, in writing, of the corporate authorities, if any, of the town or city proposed be supplied with water."

When such certificate and consent shall have been thus filed, the incorporation becomes complete.

Since the consent of the municipal authorities is made essential to the formation of such companies, it follows that the act impliedly confers power on each municipality to give the consent the act provides for.

The first contention on behalf of prosecutors is, that the consent of the corporate authorities of the city of Plainfield, given in the ordinance before us, is not such as the act requires. The consent is given to " Joseph M. Low and six others, his associates, four of whom shall be residents of the State of New Jersey, to associate themselves as a body politic and corporate, under the name of the Plainfield Aqueduct Company, for the purpose of constructing, maintaining and operating water

works for the purpose of supplying the city of Plainfield and its inhabitants with water." The six associates are not named. The mayor and city clerk are, however, directed by the ordinance to sign the assent of the corporate authorities of the city to their certificate of incorporation.

In conferring power on the corporate authorities to consent, and in prescribing that their consent should be necessary to the incorporation of such a company, it is obvious that the legislative intent was to cast upon the representatives of the municipality the duty of determining whether the company proposed to be formed for a purpose of great public interest should be formed or not. Such a determination can only be made on considering who propose to form the company and on what terms it is to be organized. The consent required is, therefore, not a consent to the formation of any company, but of the company proposed by the persons and in the manner proposed.

The corporate authorities may refuse to consent, and they may consent to the formation of more than one company. *Atlantic City Water Co.* v. *Consumers' Water Co.*, 22 *Vroom* 420.

Such consent may doubtless be given by an ordinance and evidenced by a written consent executed by officers deputed for that purpose. The written consent must conform to the consent given by the ordinance. The ordinance must contain such a consent as the act requires.

A consent that a company might be formed by any persons who should desire to do so would obviously be insufficient. It is equally defective to give consent to A and such others as he may choose to associate with him. It is the duty of the corporate authorities to determine whether the company should be formed by those who propose to form it.

The consent in this case being to the formation of the company by Low and others not named, was defective and not such a consent as the corporate authorities were authorized to give.

The ordinance and resolution depend on the validity of the consent and must fall with it.

Other objections raised need not be considered.

The ordinance and resolution must be set aside, with costs.