JOSEPH HAMPTON v. THE CLINTON WATER AND WATER SUPPLY COMPANY.

Submitted March 22, 1900—Decided June 11, 1900.

Under "An act for the construction, maintenance and operation of water works for the purpose of supplying cities, towns and villages of this state with water," approved April 21st, 1876 (*Gen. Stat.*, p. 2199), there can be no condemnation of property unless there has first been filed with the secretary of state a "consent in writing of the corporate authorities, if any, of the town or city proposed to be supplied with water," to the formation of a company under such act by designated persons in a manner specified.

On *certiorari.*

Before Justices DIXON, LUDLOW and COLLINS.

For the prosecutor, *William C. Gebhardt.*

For the defendant, *George H. Large.*

The opinion of the court was delivered by

COLLINS, J. The writ in this cause removes the appointment of commissioners, and consequent award in condemnation, made on the application of the defendant, claiming the right to condemn under "An act for the construction, maintenance and operation of water works for the purpose of supplying cities, towns and villages of this state with water," approved April 21st, 1876. *Gen. Stat.*, p. 2199. A certificate of persons desirous of forming a company under this statute,

stating the town of Clinton, in the county of Hunterdon, as that in and for which water works were to be constructed and in which the business of the company was to be carried on, was made and acknowledged in due form on July 26th, 1899, and on the next day was filed in the office of the secretary of state, and under color thereof, on July 31st, 1899, the condemnation against the prosecutor was instituted. But the filing of such a certificate is not enough to justify the taking of property. The statute enacts that, together with the certificate, shall be filed "the consent, in writing, of the corporate authorities, if any, of the town or city proposed to be supplied with water." This has been interpreted by this court to mean a consent to the formation of a company by designated persons in a manner to be specified. *Tyler* v. *Plainfield,* 25 *Vroom* 526. No such consent was ever given by the town of Clinton. On January 16th, 1900, long after the award of the commissioners, a retroactive resolution was passed by the common council of the town, consenting to the formation of the defendant, and this resolution has been annexed to the certificate on file; but such action could not vivify proceedings to condemn the prosecutor's property.

It is argued that the defendant is, *de facto,* a corporation, subject only to direct attack on *quo warranto.* The statute enacts (section 3) that "when such certificate and consent shall have been filed as aforesaid, the persons who shall have signed and acknowledged the same, and their successors, shall be a body politic and corporate, and shall have power, as such, to take and divert any and all such springs and streams of water, and build, erect, alter, repair, enlarge and maintain all such reservoirs and works, and lay down all such pipes and conduits for water, at such times and in such places as shall be necessary and proper to enable said corporation to carry into effect the purposes of its incorporation." Then follow provisions for the acquisition of property, by purchase or condemnation. In *Tyler* v. *Plainfield, ubi supra,* it was said that the consent of the proper municipal authorities was essential to the formation of companies under the act, and that only when the certificate *and consent* have been filed

does the incorporation become complete. There is, therefore, a difference from the General Corporation act, as to which it has been held that the recording and filing of the certificate are not a condition precedent to the legal existence of the corporation, but merely the necessary evidence of such existence. *Vanneman* v. *Young, 23 Vroom* 403. Under that act whenever the certificate is filed it will have relation back to the time named therein for commencement of corporate existence.

The cases to which we have been referred, as holding that persons dealing with *de facto* corporations are estopped from denying their legal existence and that such corporations may, by actions at law, protect their rights and property against invasion, are not applicable to the present controversy. Here there is an attempt to take the property of a citizen against his will. Whether in such a case regularity of incorporation may be attacked is a vexed question, but there is no doubt that non-compliance with conditions precedent to incorporation will defeat a condemnation. A leading case is *New York Cable Co.* v. *New York,* 104 *N. Y.* 1.

Statutes conferring the power of condemnation under the right of eminent domain are strictly construed. Every condition prescribed by the legislature in the grant must be complied with. *Vreeland* v. *Jersey City, 25 Vroom* 49, 52. A special authority delegated by statute to particular persons to take away a man's property and estate against his will must be strictly pursued. *Loucheim* v. *Hemsley,* 30 *Id.* 149, and cases cited.

Whether we consider the defendant as never incorporated, or as not having procured the requisite municipal consent at the time it sought to take the prosecutor's property, the result is the same. The attempt to condemn was nugatory.

The order of appointment and all subsequent proceedings will be set aside, with costs.