FRANK J. KEYES v. JAMES N. SMITH.

Argued June 4, 1901—Decided November 11, 1901.

1. In proceedings to enter judgment by confession upon bond and warrant of attorney, under the statute, an affidavit of the obligee, setting forth, as the true consideration of the bond, a promissory note of a given date and amount made by the obligor to the obligee, without other reference to the consideration of the bond or note, will not support such judgment, and the same will be held void as against a purchaser in good faith of the defendant's lands upon which the judgment is an apparent lien.

2. Where the purchaser of such lands claims to be a corporation, and as such it has been organized in good faith, under appropriate laws, and is in the exercise of its franchise, but, by reason of some defect in the proceedings to incorporate, is a *de facto* corporation only, this condition will be no bar to an application to set aside such void judgment, and the plaintiff therein will not be heard in defence of such action to question the validity of such corporation.

---

On rule to show cause on the application of the Palisades and Hudson River Land Company to vacate a judgment.

Before Justices GUMMERE and HENDRICKSON.

For the applicant, *Copeland, Luce & Kipp.*

For the plaintiff, *J. Herbert Potts* and *Charles C. Black.*

The opinion of the court was delivered by

HENDRICKSON, J. The parties to this controversy are the Palisades and Hudson River Land Company, the grantee of certain lands conveyed to it by the defendant, and the plaintiff who holds the judgment which is an encumbrance upon the company's lands so conveyed. The contention arose in this way: The defendant was in the employ of Edward H. Ryan, a dealer in real estate, and he became, at the latter's request, a conduit for the transfer of the title to the land, of which Ryan was the real owner, to the company, in which the latter was a large stockholder. The deed was executed by the defendant September 7th, 1900, but Ryan, desiring the defendant to execute some mortgages on the property before its transfer to the company, delayed recording the deed until February 15th, 1901. The defendant paid nothing for the land in question. The consideration named in the deed to the company was $1. The company, after taking the title, discovered the existence of the judgment, and thereupon instituted these proceedings.

One of the grounds alleged for relief is that the judgment is void for want of an affidavit showing the true consideration of the bond for which the judgment was confessed. The affidavit made and filed with the proceedings declares the true consideration to be a note of hand for $7,000, dated October 7th, 1900, made by the defendant, payable to one Edward J. McCarthy in three months after the date thereof, endorsed by said McCarthy and the plaintiff, a copy of which appears in the affidavit. It thus appears that the affidavit does not show the true consideration of any part of the debt or demand for which the judgment was confessed. When the question is properly raised such omission is fatal to the validity of the judgment. *Reading* v. *Reading,* 4 *Zab.* 358; *Latham* v. *Lawrence,* 6 *Halst.* 322; *Evans* v. *Adams,* 3 *Gr.* 373; *Clapp* v. *Ely,* 3 *Dutcher* 555.

It is contended for the plaintiff in the judgment that an affidavit setting forth as the true consideration of the bond a promissory note, as in this case, is sufficient. In support of this contention he cites *Latham* v. *Lawrence, supra,* and *Wood-*

*ward* v. *Cook,* 1 *Halst.* 160. It is only necessary to say, with regard to the former case, that it holds distinctly the contrary of the doctrine suggested. An error in the syllabus has probably led to a misconception of the point decided. In the latter case the setting aside of a judgment was sustained, because the affidavit set forth the true consideration of the assignment of the bond, and not of the bond itself.

Reference has been made also to a *quære,* in *Warwick* v. *Petty,* 15 *Vroom* 542, whether a judgment by confession for an existing debt, actually due and owing, will be set aside, on the application of other judgment creditors, for the sole reason that the affidavit did not truly state the consideration. But the question thus left unanswered plainly refers only to cases where the affidavit does set forth a consideration, but fails to state it truly. See *Simons* v. *Schneider,* 13 *N. J. L. J.* (1890) 131.

That the applying company, as the grantee of the defendant, may be heard to attack the judgment encumbering the land conveyed appears to be settled. *Reed* v. *Bainbridge,* 1 *South.* 351; *Canan* v. *Carryell, Coxe* 3.

It is further contended that the company cannot be heard because it is not properly incorporated. The infirmity pointed out in the proceedings to incorporate is that the acknowledgments of some of the incorporators who reside out of the state were defective. Otherwise the proceedings to incorporate appear to be regular, and to have been taken in good faith, under the authority of the statutes of this state, and that the corporate franchise has been exercised. This is sufficient to at least constitute the applicant a *de facto* corporation. *Vanneman* v. *Young,* 23 *Vroom* 403; 8 *Am. & Eng. Encycl. L.* (2d ed.) 748.

As such, the legality of its incorporation cannot be questioned in a collateral proceeding. *Vanneman* v. *Young, supra; Stout* v. *Zulick,* 19 *Vroom* 599. And under this rule the plaintiff will not be heard to deny the validity of the organization of the petitioner as a corporate body. For applications of this rule, see 8 *Am. & Eng. Encycl. L.* 755, 756.

We think, therefore, that the rule to show cause should be made absolute, and that the judgment should be vacated and set aside, with costs.