HENRY B. KEMBLE, PLAINTIFF IN ERROR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF MILLVILLE ET AL., DEFENDANTS IN ERROR.

Submitted July 10, 1903—Decided November 16, 1903.

1. An ordinance which authorizes a municipality to make a contract with a water company for a water-supply, is not necessarily invalid because of the fact that although it recites that a plan of the streets of the municipality in which it is proposed the company's pipes is annexed to it, no such plan is in truth attached.

2. The consent of the municipal authorities, required by the Water Company act of April 21st, 1876, and which is necessary in order to enable the incorporators to become a body corporate, is a consent to the formation of the corporation by the parties who sign the certificate of incorporation ; not a consent to the adoption of the corporate name proposed to be used.

---

On error to the Supreme Court.

For the plaintiff in error, *Norman Grey* and *Thomas E. French*.

For the defendants in error, *Louis H. Miller* and *George Reynolds*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is a *certiorari* proceeding, brought to test the validity of a certain ordinance passed by the common council of the city of Millville, authorizing that municipality to make a contract with the "People's Water Company of Millville, N. J.," for a water-supply. The Supreme Court considered that the ordinance was valid and affirmed it by their judgment. The correctness of that judgment is now attacked by the plaintiff in error upon five different grounds.

The first assignment of error is that the ordinance is invalid because inconsistent in its several parts, in this respect, viz., that in one paragraph it provides that three million gallons shall be supplied annually to the public buildings of the municipality free of charge, while by another paragraph it provides that the municipality shall pay one cent for every one hundred gallons of water, measured at the pumping station. We are, however, unable to see anything inconsistent in these provisions. Construed together, they impose upon the company the obligation of furnishing to the city, free of charge, so much water as shall be required in its public buildings, not exceeding three million gallons per year, and require the city to pay for all water supplied in excess of the quantity designated.

The second assignment of error is that the ordinance should have been declared invalid because no plan of the streets in which it was proposed to lay the company's pipes was annexed to the ordinance, although there was a recital therein that such was the fact; and further, because no such plan was before council, either at the time of its introduction, its consideration or its passage. It is true that no plan of those

streets was actually annexed to the ordinance, but the second allegation contained in the assignment of error is without support from the testimony. On the contrary, the undisputed evidence in the case is that a plan of the streets to be used was filed in the office of the city clerk prior to the introduction of the ordinance; that it was before council during the consideration of the ordinance, and also at the time of its passage. The object of annexation, in such a case, is merely to supply a method of identification, and the identification having been completely established by another method, the failure to physically annex the plan to the ordinance affords no ground for declaring the latter invalid.

The third assignment of error is that the ordinance is invalid because, as there was no plan annexed to the ordinance, there was not the consent by the corporate authorities to the use of such public streets as the water company might deem necessary as is required by the statute. But even if it be conceded that the failure to annex to the ordinance the plan of the streets to be used has the effect claimed for it, the absence of such consent does not vitiate the ordinance. It merely postpones the right of the company to proceed under it until further municipal action is taken; in other words, until the consent of the city is obtained to the use by the company of such streets as the latter desires to occupy with its pipes.

The fourth assignment of error is that the ordinance is invalid because there is no such company as the "People's Water Company of Millville, N. J.," the consent of the municipality required by the statute as a condition precedent to the incorporation of such a company not having been obtained. The Water Company act of April 21st, 1876 (*Gen. Stat., p.* 2199), under which the Millville company was incorporated, gives power to any persons, not less than seven, of whom a majority must reside in this state, to form a company in any of certain municipalities for the purpose of constructing, maintaining and operating water-works to supply such municipality and its inhabitants with water. It

requires the persons who desire to form such a company in a municipality to make and acknowledge a certificate, in writing, stating the corporate name adopted, the amount of capital stock, the term of its existence, the number of directors, the names of those who are to manage its affairs for the first year and the name of the municipality in which its business is to be carried on. It prescribes that this certificate shall be filed in the office of the secretary of state, "together with the consent, in writing, of the corporate authorities of the town or city proposed to be supplied with water," and declares that when such certificate and consent are filed the incorporation shall be complete. A certificate, conforming strictly to the requirements of the statute, was duly filed by the company. In this certificate the corporate name of the company was stated to be the "People's Water Company of Millville, N. J." At the same time there was filed with the secretary of state the city's consent. In that consent the corporate name of the company was referred to as the "People's Water Company of Millville," the letters "N. J." being omitted. The contention on behalf of the plaintiff in error is that the municipality never consented to the incorporation of the "People's Water Company of Millville, N. J.," and that by reason of such failure no such company ever became incorporated. But the consent of the municipality required by the statute is not to the adoption of any particular corporate name, but to the formation of a company organized by the persons named for the purposes set out, and with the amount of capital stock designated in the certificate of incorporation. As was said in *Tyler v. Plainfield,* 25 *Vroom* 528, where this statutory provision was under consideration, "it is obvious that the legislative intent was to cast upon the representatives of the municipality the duty of determining whether the company proposed to be formed for a purpose of great public interest should be formed or not. Such a determination can only be made on considering who propose to form the company and on what terms it is to be organized. The consent required is therefore

not a consent to the formation of any company, but of the company proposed by the persons and in the manner proposed. It is the duty of the corporate authorities to determine whether the company should be formed by those who propose to form it."

The fifth assignment of error was not argued by counsel for plaintiff in error, and has therefore not been considered by us.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VOORHEES, VROOM, GREEN, GRAY. 12.

*For reversal*—None.