THOMAS N. McCARTER, JR., RECEIVER. &c., DEFENDANT IN ERROR, v. WILLIAM S. KETCHAM, JR., PLAINTIFF IN ERROR.

Argued March 23d, 1905—Decided November 20th, 1905.

1. Facts proved held to show the existence of a corporation *de facto.*
2. Where rights of third persons have arisen by reason of the acts of a corporation *de facto,* such corporation cannot be dissolved by any agreement or acts of the incorporators so as to affect such rights.
3. The statute of limitations commences to run, as to unpaid subscriptions to the stock of a corporation which has become insolvent, after a call and assessment has been made for the amounts necessary to pay creditors.

On error to the Essex Circuit.

For the plaintiff in error, *Frank E. Bradner* and *Chandler W. Riker.*

For the defendant in error, *James E. Howell.*

The opinion of the court was delivered by

GARRETSON, J.   On the 23d day of January, 1893, Edward S. Campfield, William S. Ketcham, William S. Ketcham, Jr., Frank D. Holloway and George W. Ketcham, signed the certificate of incorporation of the Clinton Hill Lumber and Manufacturing Company. The certificate set forth the name of the company; the place where the business of the company was to be carried on; the objects for which the company was formed being to manufacture and sell sashes, doors, blinds and all planing mill work and carpenters' supplies, and to buy and sell lumber; the total amount of capital stock being $75,000, divided into seven hundred and fifty shares of $100 each; the amount with which the company would commence business being $40,500, being four hundred and five shares of $100 each; the names

and residences of stockholders and the number of shares held by each being one hundred shares by each of the first four. named above and five shares by George W. Ketcham, and the time of the existence of the company, fifty years. This certificate was filed in the Essex county clerk's office. The certificate was never filed in the office of the secretary of state.

On the same 23d day of January the first meeting of the stockholders was held, at which a temporary chairman and secretary were elected. It was moved and carried that certificate of incorporation and waiver of notice of meeting be filed; by-laws were adopted and the original incorporators were elected directors.

Upon the same day the directors met; William S. Ketcham was elected president; Edward S. Campfield, vice president; F. D. Holloway, secretary, and William S. Ketcham, Jr., treasurer; the oath of office was taken by the secretary; the treasurer was instructed to give bonds in $5,000 and procure necessary stationery; the fixing of the principal office was laid over for the present and a bill of sale was made by F. D. Holloway, one of the incorporators, to the company, said bill of sale representing what Holloway owed William S. Ketcham, another incorporator, and the property so transferred to be paid for by stock of the company, to be issued to William S. Ketcham.

By the bill of sale, dated the same 23d of January, Frank D. Holloway, in consideration of $1 paid by the Clinton Hill Lumber and Manufacturing Company, stated to be a corporation of New Jersey, sold to the company the stock of lumber then in the hands of Frank D. Holloway & Company, or in course of shipment; also lease of premises corner of Rose street and Jelliff avenue, buildings and improvements thereon, good will, accounts receivable, fixtures and everything appertaining to the business of the said Frank D. Holloway & Company. On the 6th of February, 1893, a special meeting of the stockholders, called for nine o'clock in the forenoon of that day, was adjourned to February 7th, at two o'clock in the afternoon. On the same 6th day of February a special meeting of the directors was held, at which

all were present except George W. Ketcham. The board of directors was authorized to call upon the stockholders for forty per cent. of the amount subscribed to the stock of the company, to be paid into the treasury on or before Tuesday, February 7th, and certificates be issued therefor. The resignation of F. D. Holloway as secretary and director of the company was read and accepted. W. S. Ketcham, Jr., was elected secretary in place of Holloway and the board adjourned until February 7th. On the same 6th of February a paper was signed by William S. Ketcham, Jr., treasurer, with the name of William S. Ketcham, president, to it, and with the seal of the company attached, which certifies that William S. Ketcham, Jr., is entitled to forty shares of stock in the company.

No payment was ever made on account of the stock subscription of William S. Ketcham, Jr.

On or about March 12th, 1893, Holloway confessed judgment to Storeby, Sprague & Company, and also a judgment to the Cumberland Lumber Company. The consideration for these judgments was lumber sold to him prior to January 23d, 1893. On March 16th, 1893, these judgment creditors filed a bill in Chancery against the Clinton Hill Lumber and Manufacturing Company, the object of which was to set aside the bill of sale made by Holloway to that corporation. That company filed an answer to the bill, setting up an advance of moneys to Holloway by William S. Ketcham, Sr.; that Holloway's business was at a standstill for lack of capital to prosecute the same and pay the debts contracted by Holloway; that Holloway agreed a company should be formed with capital sufficient to carry on the business; that the corporation was formed and organized; that Holloway stated that all the assets of his business had been procured with moneys advanced to him by William S. Ketcham and offered to convey all said business either to William S. Ketcham direct or to the defendant, and if made to the defendant that the defendant would issue to William S. Ketcham its stock for the value of the same as property purchased, and Ketcham agreed to accept the stock of the

company for the same; that Holloway made the bill of sale and the company issued to Ketcham its certificate of capital stock in payment of the purchase-price or value of the business and property; that the defendant attempted to take possession of the property. The answer denies that the transfer from Holloway to the company was without consideration or was made by him to delay, defeat and defraud Holloway's creditors. This answer had attached to it an affidavit of William S. Ketcham, Jr., in which he swears that he is the secretary of the Clinton Hill Lumber and Manufacturing Company, and as to the truth of the matter in the answer.

A final decree was made in this suit November 14th, 1893, adjudging that the bill of sale be set aside as against the judgments and executions of the complainants; that Thomas N. McCarter, Jr., be appointed receiver to take possession of the property transferred by Holloway to the company by the bill of sale; that the defendant forthwith transfer to the receiver all the property as received from Holloway and convert the same into cash, to be applied to the payment of the complainants' judgments, and report to the court; and if sufficient was not realized to pay the amounts due the complainants the receiver was given leave to apply to the court for further relief.

An appeal from this decree was taken to the Court of Errors and Appeals and the decree affirmed.

April 1st, 1895, upon petition filed by the complainants, it was ordered that the defendant pay the complainants the amounts due on their judgments and that execution issue to levy and make said sums.

Execution was issued and returned unsatisfied. April 9th, 1895, the same complainants filed a bill against the Clinton Hill Lumber and Manufacturing Company alleging that it was insolvent and praying for the appointment of a receiver, and May 13th, 1895, Thomas N. McCarter, Jr., was appointed receiver.

The claims as above stated of the complainants against the defendant were presented to the receiver and by him

allowed, and upon appeal to the Chancellor from his allowance the determination of the receiver was affirmed.

November 8th, 1899, the receiver in the last suit presented a petition to the Chancellor, asking the court to levy an assessment against the stockholders or direct the receiver so to do, requiring them to pay to the receiver such amount of their unpaid subscriptions as might be necessary to pay the debts of the corporation, and that the receiver have leave to bring actions to recover the money assessed against the stockholders.

June 9th, 1903, it was ordered and decreed by the Chancellor that the receiver be and is directed and authorized to' assess, call and collect the sum of $6,344.97, with interest, from George W. Ketcham, George W. Ketcham, administrator of William S. Ketcham, and William S. Ketcham, out of their respective subscriptions as incorporators and stockholders of the Clinton Hill Lumber and Manufacturing Company, which have not been fully paid up (but not to exceed sixty per cent. thereof) and to enforce payment of such assessment and call, by suit, if necessary, against each of the above-named delinquent subscribers and stockholders of the said corporation.

July 17th, 1903, the receiver gave notice to William S. Ketcham, George W. Ketcham, individually and as administrator of William S. Ketcham, Sr., that by virtue of a decree of the Court of Chancery of June 9th, 1903, a copy of which was annexed to the notice, he, the receiver, did thereby levy an assessment upon them as original subscribers to the certificate of organization of the Clinton Hill Lumber and Manufacturing Company to raise and pay the sum of $6,344.97, with interest, and that the amounts levied and assessed separately were William S. Ketcham, $3,095; George W. Ketcham, administrator, $3,095, and George W. Ketcham, $245.75, and in said notice the receiver called upon the persons named to pay the same within thirty days, and unless paid that he would bring suit.

In September, 1903, the receiver began suit against William S. Ketcham in the Essex Circuit Court, alleging in his

declaration the incorporation of the Clinton Hill Lumber and Manufacturing Company and the matters set out in the certificate of incorporation, and avers that the defendant subscribed for one hundred shares of the capital stock and agreed to pay therefor, in cash, at the par value, whenever lawfully required, and that the defendant has not paid the amount of the subscription; that the corporation became insolvent and the plaintiff was appointed receiver; that the Court of Chancery had authorized him to collect from the defendant and others out of their subscriptions an amount sufficient to pay claims which had been presented to the receiver, and that the plaintiff made an assessment against the defendant of the sum of $3,095, and notified him that he had levied the assessment, and by reason thereof the defendant became indebted to the plaintiff. To the declaration the defendant pleaded (1) the general issue; (2) that the Clinton Hill Lumber and Manufacturing Company was never incorporated; (3) that the persons who had subscribed for stock of said alleged company agreed among themselves to cancel the subscription of the defendant; (4) the statute of limitations. Issue was joined on these pleas.

Upon the trial of the cause the judge directed a verdict for the plaintiff and judgment was thereupon entered.

The plaintiff in error seeks a reversal of that judgment, chiefly upon the ground that the Clinton Hill Lumber and Manufacturing Company was never a corporation. It is not disputed that the incorporators signed the certificate of incorporation, which was in the form required by law; that the certificate was filed in the Essex county clerk's office; that the incorporators met, adopted by-laws and elected a board of directors; that the directors met and elected officers; that the secretary took the oath of office; that the bond of the treasurer was fixed and a bill of sale was made to the company of property of Holloway and stock authorized to be issued to William S. Ketcham for the value of that property; that the board of directors was authorized to call upon the stockholders for forty per cent. of the amount subscribed to the stock of the company; that the resignation of the secre-

tary of the company was received and a successor elected; that as a corporation it afterwards filed an answer to a bill of complaint filed to set aside the bill of sale which it had received from Holloway, and resisted the making of decree declaring that bill of sale a fraud upon Holloway's creditors. The company was a fully organized, active, corporation *de facto*. It needed only the filing of its certificate in the office of the secretary of state to be a corporation *de jure*. When the corporation purchased from Holloway property which Holloway's creditors might reach, the rights of outside persons intervened and the original stockholders and incorporators could not end the corporation by agreement among themselves to abandon the enterprise or by destroying the certificate of incorporation. *Bibb* v. *Hall,* 101 *Ala.* 79; *Aullman* v. *Waddle,* 40 *Kan.* 195.

The original subscription for stock in the certificate of organization was liable to be paid immediately and as soon as call for the same was made. At the directors' meeting held February 6th, 1903, a call for forty per cent. of the amount subscribed to the stock was authorized; this amount then became due and payable and left sixty per cent. subject to be called when required. When this was needed to pay creditors and a call for that purpose was made, it then became due and payable, and the statute of limitations began to run from the time of such call.

It could not be considered as payable until the creditors' claim had been established and it had been ascertained that the corporation had no assets outside of its stock subscriptions to pay that debt.

In the present case the Court of Chancery, in the suit to set aside the bill of sale, established the judgment obtained by the complainants in that suit against Holloway as a debt of the corporation, and by the subsequent proceedings to declare the corporation insolvent ascertained that the only assets out of which that debt could be satisfied were the unpaid stock subscriptions, and then made call upon the subscribers to pay.

Unpaid subscriptions to stock are assets, and the corpora-

tion being insolvent the existence of creditors subjects these liabilities to the rules applicable to funds held in trust, and statutes of limitations do not commence to run in respect to them until after a call and assessment has been made. *Hawkins* v. *Glenn, Trustee,* 131 *U. S.* 334.

· We find no error in the proceedings below and the judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN. 11.

*For reversal*—None.