## CHARLOTTE B. VAIDEN et al.

*v.*

## WILLIAM L. EDSON et al.

[Submitted December 14th, 1914.   Determined February 26th, 1915.]

1. An additional right accruing to a complainant during the pendency of the suit should be set up by way of supplemental bill, and this may be done for purpose of varying the relief as such newly-occurring facts may demand.

2. Where, in an administration suit an original bill was filed to procure the distribution of the assets, the sale of the testator's real estate, and to speed the settlement of the estate then in progress in the orphans court, a decree for sale has been made by this court and a partial distribution together with the filing of a final account in the orphans court within a prescribed period is directed, a supplemental bill is the appropriate procedure, where the ground of complaint is a delay of over two years subsequent to the period thus fixed for the filing of the final account, and where the attorney for the substituted administrator defendant while acting in that capacity, bought some of the real estate, and for that reason was made a party defendant by the supplemental bill and relief in respect of him was sought for the profits made in the transaction.

3. In such case this court has jurisdiction to entertain a suit at the instance of a legatee under the testator's will.

4. If it be true, as alleged in the supplemental bill, that the attorney thereby made a party defendant, while acting as attorney for the substituted administrator defendant, acquired the real estate which it was alike his duty, and the duty of his client, to sell at the best possible advantage for the estate represented by both of them, he necessarily became by that purchase a trustee *ex maleficio* for the estate which he was representing, and cannot, in equity, be permitted to enjoy a profit from the purchase. If he has made a profit, that profit belongs to the estate; if he made a loss, the loss is his.

5. The substituted administrator must be made the recipient of that profit when its amount is ascertained; the primary duty to recover that profit being reposed in him. If the profit has been made and the substituted administrator will not seek its recovery, then the legatees, as the parties secondarily in right, though primarily in interest, are clearly privileged to ask this court to enforce its payment from the attorney to the substituted administrator for their ultimate benefit.

6. Over such a suit the orphans court cannot exercise jurisdiction, and a settlement of the estate wholly final should not be made in the orphans court until the fruits of such suit are obtained.

On demurrer.

*Mr. Louis H. Miller,* for the complainants.

*Mr. Leverett Newcomb,* for the defendants.

LEAMING, V. C.

The original bill, a copy of which is embodied in the supplemental bill, was filed July 24th, 1909, and its purpose was to procure a distribution of the assets then in the hands of the substituted administrator among the several devisees, and also to cause the real estate to be at once sold pursuant to the requirements of the will, and also to speed the settlement. The gravamen of the bill was that more than a year had transpired since the appointment of the substituted administrator and the real estate had not been sold as directed by the will and no proper reason for the delay had existed. The decree recited in the supplemental bill discloses that on October 30th, 1911, by consent of the parties, this court directed the sale of the real estate and a reference to a master to determine certain offsets against the

devisees. The supplemental bill then refers to the further delay of the substituted administrator, alleging that he failed to file his final accounts in the orphans court within thirty days as ordered by this court and that no final accounts were in fact on file at the date of the filing of the supplemental bill, which date was June 22d, 1914.

The facts touching the orders of this court are not accurately set forth in the supplemental bill. The variance is of little or no importance so far as the present demurrers are concerned, but will be here referred to in order to avoid possible future error. The decree of this court which ordered a sale of the real estate was dated June 26th, 1911. That decree, except as to its date, is accurately set forth in the supplemental bill save as to that part which states that a reference to a master was made to ascertain set-offs against the several legatees. The decree in fact specifically fixed the amount of the offsets against the several legatees. The decree of this court directing the substituted administrator to file his final accounts in the orphans court within thirty days was dated October 30th, 1911. That decree also ordered $20,-936.92 distributed among the several legatees.

It will be observed either from the averments of the supplemental bill or from the more accurate statement above set forth, that the fruits of the original bill in this court were an immediate sale of the unsold real estate and a partial distribution of the proceeds and a refusal on the part of this court to remove the final settlement of the substituted administrator's accounts to this court, with an order in effect requiring a prompt settlement in the orphans court. Both orders of this court above referred to reserved leave to either party to apply to this court in the original cause for further direction or relief.

The gravamen of the supplemental bill, aside from its charges against Mr. Newcomb, are the same as in the original bill. It complains of over two years delay in settlement subsequent to the order of this court directing an immediate settlement and like the original bill aims to have the final settlement of the accounts of the substituted administrator removed to this court for settlement. The supplemental bill also charges that Mr. Newcomb, while acting as attorney for the substituted adminis-

trator, purchased some, of the real estate, and it accordingly makes Mr. Newcomb a party and seeks an accounting from him to the end that there may be a recovery against him for the profits so made.

I am convinced that neither of the demurrers can be sustained.

Whether or not the excessive delay of the substituted administrator in making final settlement is sufficient to justify this court in removing the orphans court settlement to this court on this the second application for that purpose on that ground is, I think, at this time immaterial; but in view of the order of this court contemplating a prompt settlement the excessive delay, in the absence of any satisfactory explanation of its cause, would seem to go far to justify the order sought. If it be true, however, as averred in the supplemental bill, that Mr. Newcomb, while acting as attorney for the substituted administrator, acquired the real estate which it was alike his duty and the duty of his client to sell at the best possible advantage for the estate represented by both of them, he necessarily became in that purchase a trustee *ex malefi|cio* for the estate which he was representing, and cannot, in equity, be permitted to enjoy a profit from the purchase. If he has made a profit, that profit belongs to the estate; if he made a loss, the loss is his. The substituted administrator must be made the recipient of that profit when its amount is ascertained; the primary duty to recover that profit is reposed in him. If the profit has been made as alleged, and the substituted administrator will not seek its recovery, then the legatees, as the parties secondarily in right, though primarily in interest, are clearly privileged to ask this court to enforce its payment from Mr. Newcomb to the substituted administrator for their ultimate benefit. The supplemental bill does not specifically aver that the substituted administrator will not sue for recovery against Mr. Newcomb, but, assuming all the averments of the supplemental bill to be true, that condition is reasonably obvious; we cannot, with confidence, reasonably anticipate the prompt and vigorous prosecution of such a suit by the substituted administrator against the attorney who is presently representing him in the pending orphans court *final* settlement. In such a suit brought by a legatee the substituted administra-

tor is a necessary party defendant, and the remaining legatees, or their assignees, are proper, if not necessary, parties.

I am unable to doubt the jurisdiction of this court to entertain a suit of that nature at the instance of a legatee under the circumstances stated. If Mr. Newcomb is wrongfully in enjoyment of assets of the estate in the manner stated, the estate is entitled to the prompt restoration of such assets. The equitable principles which confer the right of action upon a legatee in the circumstances stated are essentially the same as those involved in a suit by a stockholder of a corporation for a recovery in behalf of the corporation. Over such a suit the orphans court cannot exercise jurisdiction, and a settlement of the estate wholly final should not be made in the orphans court until the fruits of such a suit are obtained.

Nor am I able to doubt that a supplemental bill is an appropriate procedure for the purpose stated. The order made by this court under the original bill, while refusing to remove the settlement of the estate to this court, expressly held the bill open with leave for any of the parties to apply for further relief pending final settlement. The further relief here sought is in part, if not wholly, based upon matters which have since transpired in the settlement of the estate. The recovery here sought by force of this new matter necessarily requires a postponement of a final settlement in the orphans court and to that extent requires a modification of the existing order of this court which contemplates, and in effect, directs an immediate final settlement in the orphans court. The original bill was essentially in aid of the settlement of the estate pursuant to the requirements of the will of testator and the purpose of the supplemental bill may be properly said to be to the same effect. An additional right accruing to a complainant pending the suit should be set up by way of supplemental bill, and this may be done for the purpose of varying the relief as such newly-occurring facts may demand. *16 Cyc. 358; Hoppock* v. *Cray (Court of Chancery), 21 Atl. Rep. 624; Crompton* v. *Wombwell, 4 Sim. 628, 633; Malcolm* v. *Scott, 3 Hare 39; Story Eq. Pl. § 336.*

I will advise an order overruling the several demurrers.