This is a suit to compel defendant to reimburse complainant moneys advanced paid out by complainant to furnish medical services in connection with an operation on defendant's wife.
Defendant and his wife had been separated for several *Page 494 
years, the defendant having left his wife, and so far as appears his leaving her was without legal justification. Soon after the separation defendant was arrested for non-support and obligated to pay his wife $8 a week for her support, which payments he has regularly made.
In 1927, defendant's wife was operated on for gangrene and her infected leg amputated. Complainant, who is the son by former marriage of defendant's wife, advanced the sum of approximately $1,200 to pay for hospital and surgical expenses in connection with the operation.
The theory of complainant is that defendant having abandoned his wife without justifiable cause is obligated to provide her with necessaries and that the expenses of his mother's operation were such necessaries and that defendant can be required to pay them.
If the obligation to furnish the hospital and surgical treatment were imposed on defendant, complainant, having advanced the money to pay for them, would be subrogated to the rights of those who actually furnished them to the wife and could recover from the defendant as though he himself had furnished them.Leuppie v. Osborne's Ex'rs., 52 N.J. Eq. 637.
But the question whether under the circumstances there was an obligation imposed by law upon defendant to furnish the hospital and medical services will remain. On principle I do not think there was any such obligation. A husband who abandons his wife is liable for her support and must furnish her necessaries, but if he makes suitable provision for her he should not be held liable for expenses beyond such provision. In the present case his liability was fixed by the court proceeding brought by the wife at the sum of $8 a week which he has regularly paid and which he had a right to assume was the measure of his liability in the absence of any proceedings brought to increase the amount. It is to be presumed that this amount was fixed in reasonable relation to his income. It is also to be presumed that this amount bore a fair relation to what she had reason to expect, since she has never brought any maintenance action or other proceeding to obtain an additional allowance from him. The parties *Page 495 
appear to be in humble financial circumstances and it was not satisfactorily shown before me at the hearing that it was necessary that such a large expense be incurred. It was, of course, a serious operation, but it did not appear that she could not have received adequate hospital and surgical care and treatment at one of our numerous free hospitals.
The only reported case in this state bearing on the matter seems to be that of Leuppi v. Osborne's Ex'rs, supra. The court here says (at p. 640):
"It can make no difference to the husband, whether he is held liable for money or for the price of necessaries, so long as no recovery for money can be had, unless it is shown that it has actually been spent for necessaries; that whether the wife obtains what she is entitled to by one means or the other, the law will discharge its whole duty to the husband by protecting him from liability for anything beyond necessaries, but it cannot discharge its duty to her unless it compels him to support her. If he has a choice as to the method in which he will extend support, the law will let him exercise it, but if he refuses to make a choice and does not provide for her in any way, then she should have a right to resort to any means which will give her what she needs."
The court further says:
"It is only in cases where he has deserted or abandoned his wife without making provision for her support, that he has been held liable for money advanced. That is the utmost extent to which his liability, by force of this principle, has as yet been carried."
The line of cases exemplified by Greenberg v. Greenberg,99 N.J. Eq. 461, which hold that this court will, if the occasion arise, increase the amount of alimony even though the wife has previously accepted a lump sum settlement, are not in point in the circumstances like the present. For in those cases an allowance was granted for future support whereas in the present case complainant is seeking to recover an additional amount for past expenses incurred while the husband was making full compliance with the requirements imposed upon him by the court.
A decree dismissing the bill will be advised. *Page 496