MARNEIL REALTY CORPORATION, a corporation of New Jersey, complainant,

*v.*

TWIN BROOK REALTY CORPORATION, a corporation of New Jersey, defendant.

[Decided May 16th, 1935.]

*Mr. Frederick E. Riethmuller,* for the complainant.

*Mr. Peter Bentley,* for the defendant.

EGAN, V. C.

This is a motion to strike interrogatories and the supplemental bill of complaint filed herein. The notice of motion, in effect, presents the following:

1. That at the time of the filing of the bill of complaint and supplemental bill, and the service of interrogatories, the charter of the corporation had been declared forfeited by a proclamation of the governor.

2. That the bill of complaint and the supplemental bill were filed by the corporation and not by the trustees in dissolution.

3. That at the time of the filing of the bill of complaint, the supplemental bill, and the service of interrogatories, an order had been issued by this court restraining the complainant from exercising its franchises or rights.

It appears that by a decree of this court dated July 12th, 1932, the complainant was enjoined from the exercise of its franchises, or the transaction of any business. On December, 30th, 1933, the defendant gave its bond and mortgage to Leinow Holding Corporation in the sum of $20,000, which mortgage, afterward, was assigned to the complainant. On January 2d, 1934, the governor issued a proclamation forfeiting the charter of the complainant for non-payment of taxes. *P. L. 1934 p. 795.* On November 1st, 1934, the bill of complaint was filed to foreclose the mortgage because of default in the conditions thereof. The defendant, on November 20th, 1934, filed an answer to the bill. The complainant, on December 26th, 1934, filed its replication. An order of reference was duly issued, and the case was set down for a hearing on March 19th, 1935. The defendant, on March 6th, 1935, served a notice of motion to strike the bill of complaint because the corporation's charter had been forfeited for the non-payment of the state franchise tax; that motion was returnable March 19th, 1935. The motion was argued, and, at its conclusion, an order was signed denying the defendant's application. The defendant was given leave to file an amended answer. On March 20th, 1935, the court allowed the complainant to file the supplemental bill.

Section 54 of the Corporation act (*2 Comp. Stat. p. 1635*) provides:

"Upon the dissolution in any manner of any corporation, the directors shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts, sell and convey the property and divide the moneys and other property among the stockholders, after paying its debts, as far as such moneys and property shall enable them."

Section 55 of the same act provides:

"The directors, constituted trustees, as aforesaid, shall have authority to sue for and recover the aforesaid debts and property, by the name of a corporation, and shall be suable by the same name,

or in their own names or individual capacities, for the debts owing by such corporation, and shall be jointly and severally responsible for such debts, to the amount of the moneys and property of the corporation which shall come to their hands or possession as such trustees."

The supplemental bill alleges the payment of the state franchise tax and the reinstatement of the corporation to the rights and privileges of which it had been deprived by the governor's proclamation.

Section 53 of the General Corporation act provides as follows:

"All corporations, whether they expire by their own limitation or be annulled by the legislature or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established. *L. 1896 ch. 185 p. 295 § 53; Comp. Stat. p. 1634 § 53.*"

The dissolution of a corporation does not extinguish debts due or owing by it. *McCarter* v. *Ketcham, 72 N. J. Law 247; 62 Atl. Rep. 693.* The defendant maintains that the filing of the bill in the name of the corporation, rather than in the name of the trustees, as provided in section 55 of the General Corporation act, is a substantial error which precludes relief. It also contends that the filing of the supplemental bill showing that the status of the corporation had been changed since the filing of the original bill, could not give jurisdiction as of the date of the filing of the original bill, because the complainant was, at the time of the filing of the original bill, non-existent; and since jurisdiction was not acquired through the original bill, the supplemental bill could not overcome the weakness of, or supply what is amiss with the original bill. I do not believe the reasoning of the counsel for the defendant is in accord with the law, or practice of this court. *Shipman on Equity Pleading (1st ed.) 292,* says a supplemental bill may be filed under the following conditions:

"Where events had occurred since the institution of the original suit, creating new rights or relations, and thus calling for the intro-

duction of new matter in the original bill, when such matter referred to and supported the latter, without changing the rights or interests of those already before the court; or to correct or support the prayer of the bill."

And on page 293 of the same work is said:

"When properly filed, it becomes part of the original bill, and the whole is taken as one amended bill."

And in *Dickinson's Chancery Precedents, note, 502,* is the following:

"A strictly supplemental bill is always founded on facts that have occurred since the filing of the original bill. These may be necessary either to aid the complainant in obtaining the relief sought, or in obtaining new or additional relief. *Allen* v. *Taylor, 2 Gr. Ch. 435.* A supplemental bill should be used in preference to an original bill, whenever it can equally subserve the purposes of justice. *Allen* v. *Taylor, supra.*"

It has been held that: "A bill in the nature of a supplemental bill is not an addition to the original bill, but another original bill, to which a new defense may be made." *New Jersey Zinc Co.* v. *New Jersey Franklinite Co., 13 N. J. Eq. 322* (at *p. 347*).

In *Edgar* v. *Clevenger, 3 N. J. Eq. 464,* it was held:

"It is not the practice to reiterate substantially in the supplemental bill, all the charges of the original bill, but to set them out by way of reference, and charge the new and additional facts by way of supplement."

The facts expressed in the supplemental bill arose since the filing of the original bill; they support the latter, and do not change the rights or interests of the parties to these proceedings.

In *Seymour* v. *The Long Dock Co., 17 N. J. Eq. 169,* it was held:

"The allowance of amendments after issue joined, is a matter of indulgence to be granted in the discretion of the court."

In *Vaiden* v. *Edson, 85 N. J. Eq. 65; 98 Atl. Rep. 635,* the principle was enunciated that:

"An additional right accruing to a complainant during the pendency of the suit should be set up by way of supplemental bill, and this may be done for the purpose of varying the relief as such newly-occurring facts may demand."

In my opinion, complainant was absolutely within its right in filing the supplemental bill and in doing so, it proceeded properly.

The defendant by its motion to strike admits the truth of all the material allegations in the bill, or bills, which are well pleaded. *Loudenslager* v. *Pacific Imp. Co., 93 N. J. Eq. 218; 115 Atl. Rep. 752.*

In *Reade* v. *Broadway Theatre Co. (1926), 99 N. J. Eq. 282; 132 Atl. Rep. 477,* Vice-Chancellor Berry held as follows:

"The business of these corporations, notwithstanding their dissolution by proclamation of the governor, has been and still is being conducted as usual under the management of the complainant. The corporations are not dead (*Held* v. *Crosthwaite (1919), 260 Fed. Rep. 613; 171 C. C. A. 377*); they merely sleep. They are practically in a state of coma from which it requires the exercise of no miraculous power to revive them. The procedure for their revival is plainly indicated by the statute."

The federal court in construing the New Jersey statutes relating to forfeiture of corporate charters for non-payment of franchise taxes and subsequent reinstatement held in *Held* v. *Crosthwaite, supra,* that a claim against the officers of a company, based on the theory that they had continued to carry on its business after its charter had been declared void by proclamation, could not be maintained, because the company had remained in existence from the time when the proclamation was issued until the time when it had been reinstated by a second proclamation. By section 7, laws of 1905, chapter 259, page 511; section 146 of the General Corporation act, it is provided that the governor may "upon payment by said corporation to the secretary of state of such sum in lieu of taxes and penalties as to them may seem reasonable * * * permit such corporation to be reinstated and entitled to all its franchises and privileges, and upon such

payment as aforesaid the secretary of state shall issue his certificate entitling such corporation to continue its said business and its said franchises." The court, after stating that the question raised by this complainant had not been passed upon by the courts of New Jersey, continued thus:

"We think it clear that the charter may be and by the statute is repealed by the governor's proclamation, without the necessity of any application to the courts. It seems to us equally clear that the legislature cannot have intended by section 7 that upon payment of taxes by the corporation the governor should create a new corporation. The legislature alone can grant corporate franchises, and no intention should be imputed to it to delegate the power to the governor. Indeed, such a delegation would be invalid. '*Delegatus non potest delegare.*' Therefore, the second proclamation of reinstatement must be held to relate to the first proclamation of repeal, and the corporation must be regarded as having continuously existed so far as the state is concerned."

In *Dloss Realty Co.* v. *Schultz Brewing Co., 13 N. J. Mis. R. 389,* the principle was laid down that:

"A motion to strike the bill carries with it an admission of the truth of the allegations in the complaint—just as a demurrer does."

I believe that the questions propounded by the complainant in its interrogatories are material and should be answered. *Magie* v. *Magie, 108 N. J. Eq. 483; 155 Atl. Rep. 609.*

The defendant's motions to strike the bills and the interrogatories are denied; and since the motion carries with it an admission of the material allegations of the supplemental bill which are well pleaded, I feel that the complainant is entitled to a decree upon those allegations. I shall accordingly advise.