BERGEN COUNTY COURT OF COMMON PLEAS.

JACOB J. FATZER, PETITIONER-APPELLEE, v. JAMES NAJARIAN, RESPONDENT-APPELLANT.

Decided May 18, 1938.

For the appellee, *Vanderwart & Scharnikow.*

For the appellant, *Samuel H. Nelson.*

DELMAR, C. P. J.   The petition for compensation was filed by the appellee, naming the appellant, James Najarian, the K. & N. Incorporated, New Jersey corporation, and A. Amirkanian, as his employers.   An answer was filed on behalf of James Najarian denying that he was an employer; the others named as employers did not appear.

After a hearing the referee found that the said corporation had no legal existence, not even as a *de facto* corporation, and rendered an award in favor of the petitioner and against the appellant, without any finding that he was the employer, said judgment being printed in 15 *N. J. Mis. R.* 379.   From this determination the appellant has appealed to this court.

After carefully reviewing the evidence, I find the following facts:

On August 29th, 1936, the appellant, together with John Najarian and Karl Kalfaian, executed a certificate of incorporation of the K. & N. Cleaners, Incorporated, under the General Corporation act of New Jersey.   The object of said corporation, as stated in the certificate, among other things, was to engage in the cleaning and dyeing business.   Said cer-

tificate was recorded in the clerk's office of the county of Essex, on August 31st, 1936, and filed in the secretary of state's office on January 21st, 1937.

On August 31st, 1936, a lease was made in the name of said corporation, whereby said corporation rented from the Liberty Cleaners and Dyers, a New Jersey corporation, certain premises at 203-205 Passaic street, in the city of Garfield, which premises were equipped with machinery and fixtures suitable for conducting a cleaning and dyeing business. This lease was executed on behalf of said corporation by James Najarian, as president, and Karl Kalfaian, as secretary. Said corporation immediately took possession of the demised premises, and from that time until after the occurrence of the accident, which is the basis of this litigation, conducted on said premises a cleaning and dyeing business.

The petitioner, who had, prior to August 31st, been in the employ of the Liberty Cleaners and Dyers, continued to be employed on the premises by the K. & N. Cleaners, Incorporated. That he knew that he was being employed by the latter corporation clearly appears from his admission, under cross-examination, that he applied for a license to operate a boiler. In the application, which was in his own handwriting, he stated that the K. & N. Cleaners, Incorporated, was his employer, which statement he admitted on the witness stand to be true. Similar testimony was offered on behalf of the alleged corporation.

A bank account was opened in the name of said corporation in a Garfield bank, and the appellee was paid by means of checks drawn against said bank account, in the corporation name. A suitable resolution was delivered to the bank, certifying to it the names of the officers of the corporation authorized to withdraw funds therefrom. Books of account were opened, a seal was obtained for the corporation, and a president, secretary, and a treasurer were selected to represent the corporation, but no stock certificate book had been obtained for it.

The referee found, as a matter of fact, that the incorporators held no meeting. With this finding I disagree. I think

a presumption should be made in favor of the regularity and legality of the selection of the officers and the passage of the resolution in question. I conclude, in the absence of direct evidence thereof, that a corporate meeting was held, at which the corporation was duly organized, the officers selected, and the resolution relating to the bank account was passed.

Two of the incorporators were actively employed by the alleged corporation, in driving its trucks and soliciting business which was conducted on the leased premises, at which place the petitioner was injured during the course of his employment.

If at the time of the accident in question the K. & N. Cleaners, Incorporated, was a *de facto* corporation there should be no judgment against the appellant.

The petitioner, by his own admission, knew that he was employed by the K. & N. Cleaners, Incorporated, and not by the appellant.

The legal existence of a corporation *de facto* cannot be inquired into collaterally, although some of the legal formalities may not have been complied with. "No private person having dealings with a *de facto* corporation can be permitted to say that it is not also a corporation *de jure.*" *Vanneman* v. *Young,* 52 *N. J. L.* 403; 20 *Atl. Rep.* 53.

It is well settled in this state that in order for a *de facto* corporation to exist, there must be a law under which it could have been incorporated; there must have been an effort in good faith to organize the corporation under such law; and thereupon, as a result of such effort, corporate functions must have been assumed and exercised. *Stout* v. *Zulick,* 48 *N. J. L.* 599; 7 *Atl. Rep.* 362; *Vanneman* v. *Young, supra; McCarter* v. *Ketcham,* 72 *N. J. L.* 247; 62 *Atl. Rep.* 693; *Frawley* v. *Tenafly Transportation Co.,* 95 *N. J. L.* 405; 113 *Atl. Rep.* 242; *Paragon Distributing Corp.* v. *Paragon Laboratories, Inc.,* 99 *N. J. Eq.* 224; 129 *Atl. Rep.* 404; *Gallant* v. *Fashion Piece Dye Works,* 116 *N. J. Eq.* 483; 174 *Atl. Rep.* 248.

In the case at bar all of these elements are present. In the Frawley case, *supra,* the certificate of incorporation had not

even been filed in the county clerk's office at the time when the litigation arose, and there was less evidence of a *bona fide* attempt to incorporate than appears in the present case.

The following cases relied upon by the appellee are not in point: *Garford Trucking, Inc., v. Hoffman,* 114 *N. J. L.* 522, 529, 530; 177 *Atl. Rep.* 882, in which case the meritorious question under review was the *bona fides* of a transfer of the title to some trucks to a *de jure* corporation. *Trachman* v. *Trugman,* 117 *N. J. Eq.* 167, 170; 175 *Atl. Rep.* 147, which involved a fraudulent transfer of assets to a *de jure* corporation. *Stockton* v. *Central Railroad Company of New Jersey,* 50 *N. J. Eq.* 52, 75, 76; 24 *Atl. Rep.* 964, which related to *ultra vires* acts of a *de jure* corporation.

I find that the appellant was not the employer of the petitioner, and, therefore, judgment should be rendered in favor of the appellant and against the appellee. No adjudication having been made as to the other alleged employers, and they not being parties to this appeal, the matter will be remitted to the Workmen's Compensation Bureau for further proceedings not inconsistent with this opinion.