STATE BOARD OF TAX APPEALS.

IRVINGTON AUTO COMPANY, PETITIONER, v. TOWN OF IRVINGTON, RESPONDENT.

Decided April 21, 1942.

For the petitioner, *Martin M. Kurtz.*

For the respondent, *William Newman.*

QUINN, President. A personal property assessment was levied by respondent against petitioner, for the year 1940, in the sum of $3,800. This was reduced by the Essex County Board of Taxation to $2,900. The taxpayer seeks a cancellation of the assessment in its entirety upon the ground that it owned no property on October 1st, 1939, the assessing date. It shows, without controversion, that it was not incorporated until October 2d, 1939. Nothing has been adduced by the respondent which would furnish any factual basis for its assertion that petitioner was a *de facto* corporation on October 1st, so that its ownership, as such entity, of personalty situated in the respondent taxing district, would support the present assessment. It is not shown that there was any effort to organize a corporation, under the law, prior to October 2d, 1939, and that any corporate functions were assumed and exercised by the petitioner prior to its incorporation, *de jure.* See *Vanneman* v. *Young (Court of Errors and Appeals,* 1890), 52 *N. J. L.* 403; 20 *Atl. Rep.* 53.

So far as petitioner is concerned, therefore, it is entitled to an order setting aside the assessment as to itself, in order to be protected from the effect of *R. S.* 54:4-1; *N. J. S. A.* 54:4-1, providing that a personal property assessment is the personal liability of the taxpayer. It does not follow, however, that the assessment should be vacated *in toto*. It appears that the assessment in question was intended to apply to certain motor vehicles which were situated at 1320 Springfield Avenue, in the respondent taxing district, on October 1st, 1939. That property was, and continues to be subject to the lien of the tax assessed. An assessment cannot be invalidated because listed or assessed in the name of one not the owner thereof, or because of any irregularity in the assessment, if the property in question was actually subject to taxation. *R. S.* 54:4-54, 54:4-58 and 54:4-59; *N. J. S. A.* 54:4-54, 54:4-58 and 54:4-59. *Tennant* v. *State Board of Taxes and Assessment (Court of Errors and Appeals,* 1921), 95 *N. J. L.* 465; *Ridgewood Elks Holding Co.* v. *Village of Ridgewood (Court of Errors and Appeals,* 1941), 127 *Id.* 295; 22 *Atl. Rep.* (*2d*) 266. The making of the assessment here in question, accordingly, though listed against a corporation now appearing not to have been the owner thereof on the assessing date, is sufficiently availing to result in the present subsistence of a legal and effective assessment against whatever person or corporation did own any motor vehicles or other personal property at the location described, on October 1st, 1939. If the property was stock in trade, the valuation depends upon the average amount thereof owned by the taxpayer within the taxing district during the year prior to October 1st, 1939. *R. S.* 54:4-11; *N. J. S. A.* 54:4-11.

If it chooses, respondent may proceed before this board, within a reasonable time, on notice to the true owner of the property, to correct the name of the taxpayer assessed. *Union Terminal Cold Storage Co.* v. *Jersey City, New Jersey Tax Reports,* 1912-1934, *p.* 115; *Tide Water Associated Oil Co.* v. *City of Jersey City, New Jersey Tax Reports,* 1934-1939, *p.* 721. Jurisdiction over the assessment will be retained for that purpose. Petitioner, however, is entitled to judgment forthwith, cancelling the assessment as to it, only.

So ordered.